UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY KELLY,<br><br>           Plaintiff/Judgment Creditor,<br><br>v.<br><br>RANDALL MARK HICKMAN,<br><br>           Defendant/Judgment Debtor. | Case No.: 21-mc-0430-BEN-MMP<br><br>**ORDER DENYING MOTION FOR AN ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT AGAINST DEBTOR RANDALL HICKMAN**<br><br>[ECF No. 8] |

Before the Court is *pro se* Plaintiff/Judgment Creditor Gregory Kelly's ("Plaintiff") Motion for an Order to Show Cause Re: Civil Contempt Against Debtor Randall Hickman Under Fed. R. Civ. P. §§ 37(b)(2)(A) and 70(3) for Failure to Follow Court Orders ("Motion"). To date, Defendant/Judgment Debtor Randall Mark Hickman ("Judgment Debtor") has not filed a response.[1] The Court found the motion suitable for determination

---

[1] Judgment Debtor's response to the Motion was initially due on February 7, 2024. On February 16, 2024, Judgment Debtor filed a Motion for Extension of Time to File Response/Reply ("Request for Extension"), to which Plaintiff filed an opposition. [ECF Nos. 10, 11.] On February 23, 2024, the Court granted Judgment Debtor's request and

on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). [ECF No. 16.] After careful consideration of the submissions, the applicable law, and for the reasons discussed below, the Court **DENIES** the Motion.

## I. BACKGROUND

### A. Relevant Procedural Background

Plaintiff filed this instant action to enforce a 2017 judgment through an assignment of rights against Judgment Debtor. Because Judgment Debtor failed to pay the 2017 judgment, Plaintiff sought to enforce the judgment in New York, Nevada, and now in California.

On April 3, 2017, Plaintiff filed a complaint in the U.S. Southern District of New York alleging breach of contract against Judgment Debtor. [ECF No. 4, Exh. A.] Despite personal service of the summons and complaint, Judgment Debtor did not appear and did not answer the complaint. On July 24, 2017, the Southern District of New York entered default judgment against Judgment Debtor for a total of $150,458.00. [ECF No. 1 at 3.]

Plaintiff sought to enforce the judgment in the U.S. District Court for the District of Nevada. On September 6, 2017, the District of Nevada entered judgment against Judgment Debtor for $33,696.93, after crediting interest and payments. [*Id.* at 6.]

Plaintiff sought to register the remainder of the judgment in this District. On March 22, 2021, this Court registered the judgment. [*Id.*] On April 26, 2021, Plaintiff recorded the judgment with the San Diego County Recorder. [*Kelly v. Hickman*, 21-cv-1226-BEN-MMP, ECF No. 16 at 3.]

### B. Relevant Discovery Background

The relevant background on the post-judgment discovery is set forth in the Court's previous order. [*See Kelly v. Hickman*, 21-cv-1226-BEN-MMP, ECF No. 23.] Plaintiff propounded post-judgment document requests on Judgment Debtor but represents

---

extended Judgment Debtor's deadline to respond, and Judgment Debtor's deadline to respond to Plaintiff's Motion was extended to March 11, 2024. [ECF No. 15.]

Judgment Debtor failed to respond. On August 28, 2022, Plaintiff served Judgment Debtor via first-class mail with his first set of post-judgment demand for production of documents. [ECF No. 8-1 ¶ 3.] The following day, Plaintiff also emailed Judgment Debtor a copy of the demand. [*Id.* ¶ 4.] Plaintiff states the deadline to respond to the document requests was October 5, 2022, but Judgment Debtor failed to respond. [*Id.* ¶ 5.]

Plaintiff reports he made the following attempts to meet and confer with Judgment Debtor regarding the propounded document requests but did not receive a response from Judgment Debtor. [*Id.* ¶ 6.] On January 9, 2023, Plaintiff attempted to contact Judgment Debtor via email and telephone to meet and confer. [ECF No. 8 at 3.] Plaintiff made two subsequent attempts to contact Judgment Debtor via telephone on January 11 and 13, 2023, but Judgment Debtor did not respond. [*Id.*]

Plaintiff filed a Motion to Compel on January 19, 2023, requesting an order compelling Judgment Debtor to respond to Plaintiff's first set of demands for documents. [*Kelly v. Hickman*, 21-cv-1226-BEN-MMP, ECF No. 17.] On September 25, 2023, the Court granted Plaintiff's Motion to Compel and ordered Judgment Debtor to respond, without objection, by November 9, 2023 to Plaintiff's Post-Judgment Demand for Production of Documents served August 28, 2022. ("Order"). [*Id.*, ECF No. 23 at 7 (The Court ordered Judgment Debtor to respond to the discovery in question "within 45 days of the date of this Order.").]

Plaintiff attests he served the Order to Judgment Debtor via first class U.S. Mail and email on September 25, 2023. [ECF No. 8-1 ¶ 6(a)–(b); *see also Kelly v. Hickman*, 21-cv-1226-BEN-MMP, ECF No. 24.] Plaintiff represents Judgment Debtor failed to timely produce the requested documents by November 9, 2023. [ECF No. 8-1 ¶ 6(c).] Furthermore, Plaintiff states Judgment Debtor did not open Plaintiff's September 25, 2023 email until December 21, 2023. [*Id.*; *see also* ECF No. 8-2 at 11.] Plaintiff states he called and emailed Judgment Debtor on December 21, 2023, to inform Judgment Debtor of his intention to file an order to show cause motion due to Judgment Debtor's non-compliance. [ECF No. 8-1 ¶ 6(c).] Plaintiff states he then sent via Priority Mail an additional notice of

his intention to file the Motion for Order to Show Cause on December 23, 2023. [*Id.* ¶ 6(d).] Plaintiff represents, on January 2, 5, and 17, 2024, he made further attempts to contact Judgment Debtor via phone and email to meet and confer, before filing the present Motion. [*Id.* ¶ 6(e)–(g).]

Plaintiff filed the present Motion on January 24, 2024. [ECF No. 8.] On February 16, 2024, Judgment Debtor filed a motion requesting an extension to respond to Plaintiff's Motion, which is the first appearance he made on the record. [ECF No. 10.] Specifically, Judgment Debtor stated he was caring for his mother who passed away in November 2023, making funeral arrangements, caring for his brother who had a heart attack, and recovering from Covid-19. [*Id.* at 1–2.] He also stated his wife was "fighting cancer." [*Id.* at 2.]

In a related case, Plaintiff is seeking an assignment order and an order restraining Judgment Debtor Randall Hickman and his wife Virginia Hickman for a separate judgment. [*Kelly v. Hickman*, 22-mc-0296-BEN-MMP, ECF No. 9.] There, Judgment Debtor returned and filed his completed Writ of Execution, providing information about to his income, expenses, and property. [*Id.*, ECF Nos. 15, 16.]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 37 governs the failure to respond to discovery requests, including post-judgment discovery requests. *Gersh v. Anglin*, 341 F.R.D. 55, 59 (D. Mont. 2022); *see, e.g.*, *Twin Falls NSC, LLC v. S. Idaho Ambulatory Surgery*, No. 19-cv-00009, 2020 WL 5523384, at *10 (D. Idaho Sept. 14, 2020); *Bd. of Trustees of the Sign, Pictorial, and Display Indus. Welfare Fund v. PS Servs. Co., LLC*, No. 17-cv-02452, 2018 WL 6990411, at *2–3 (N.D. Cal. Dec. 21, 2018).

If a party "fails to obey an order to provide or permit discovery," Rule 37 authorizes the Court to "make such orders in regard to the failure as are just," including holding the disobedient party in contempt. Fed. R. Civ. P. 37(b)(2)(A)(vii).

The Court also has the authority to find a party in civil contempt for violating a court order under its inherent authority. *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011) (quoting *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004))

("Federal courts are vested with inherent powers enabling courts to ensure obedience to their orders."); *see also* CivLR 83.1 (Failure "of any party, to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation . . . finding of contempt."). The Court has broad discretion in deciding whether to exercise its contempt power. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (citing *F.J. Hanshaw Enters., Inc. v. Emerald River Dev. Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to . . . to ensure obedience to their orders.")); *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1242 (9th Cir. 2016) (citing *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1114 (9th Cir. 2005) ("[T]he decision to impose sanctions under its inherent authority is within the sound discretion of the district court.")).

Civil contempt is established when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *United States v. DAS Corp.*, 18 F.4th 1032, 1039 (9th Cir. 2021) (quoting *In re Dual-Deck Video Cassette Recorder*, 10 F.3d 693, 695 (9th Cir. 1993)). The moving party must show that the alleged contemnor "violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Inst. of Cetacean Rsch. v. Sea Sepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual-Deck*, 10 F.3d at 695). The moving party must also demonstrate that the violation was "beyond substantial compliance" and was "not based on a good faith and reasonable interpretation of the order." *United States v. Bright*, 596 F.3d 683, 695–96 (9th Cir. 2010); *Reno Air Racing Ass'n v. McCord,* 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting *In re Dual-Deck*, 10 F.3d at 695) ("Civil contempt in this context consists of a party's disobedience of a specific and definite court order by failure to take all reasonable steps within the party's power to comply.").

//
//

## III. DISCUSSION

Plaintiff argues finding Judgment Debtor in contempt is necessary to "coerce compliance" because Judgment Debtor has "failed to serve any timely answers to the demand for documents" and "has no excuses for failing to obey a Court Order compelling his compliance with producing documents." Furthermore, Plaintiff represents Judgment Debtor has "failed to meet and confer with [Plaintiff]" and has not provided "any reasons for his failure to do so." [ECF No. 8 at 6.]

Plaintiff further contends Judgment Debtor's failure to respond to discovery is "a consistent legal strategy in order to prevent creditors from discovering his assets." [ECF No. 8-1 ¶ 7.] Plaintiff attests Judgment Debtor "has had two Bankruptcies dismissed due to his failure to produce discovery, and/or attend meetings of creditors" since 2017. [*Id.* ¶ 8.] Additionally, Plaintiff states the District Court of Nevada issued sanctions against Judgment Debtor and his wife "in the amount of $500 per month each" for failing to produce discovery documents and that Judgment Debtor and his wife "currently owe over $27,000 in unpaid sanctions." [*Id.* ¶¶ 9–10.]

As an initial matter, Judgment Debtor only appeared before this Court in February 2024 and represents he was not given notice for the Order to Show Cause hearing. [ECF No. 10.] As such, when Judgment Debtor received notice from Plaintiff regarding the Order to Show Cause motion is unclear. Additionally, Judgment Debtor represents, between October and November 2023 through February 2024, he was experiencing health issues, was taking care of his brother following a heart attack, and was providing hospice care for his mother. [*Id.*] Judgment Debtor stated he subsequently traveled out of state to plan and attend his mother's funeral and assisted in outstanding affairs following her death. [*Id.*]

In light of the foregoing, the Court finds contempt is not warranted and declines to exercise its contempt power at this time and under these circumstances. *See Bollow v. Fed. Rsrv. Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir. 1981) (citing Fed. R. Civ. P. 37(a)(4)) ("The decision whether to penalize a party for dilatory conduct during discovery proceedings is committed to the sound discretion of the trial court."); *Lateral Link Grp.,*

*LLC v. Habeas Corp.*, No. CV 14-05695, 2016 WL 3457144, at *1 (C.D. Cal. June 23, 2016) ("Plainly, any relief for violating a discovery order under [Rule 37] is discretionary. . . ."). However, the Court warns Judgment Debtor any further noncompliance may be subject to sanctions.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion. [ECF No. 8.] Further, the Court **ORDERS** the following:

1. The Court reiterates Judgment Debtor, per the Court's September 25, 2023 Order, he is **ordered** to respond, without objection, to Plaintiff's Post-Judgment Demand for Production of Documents, Set One served on August 28, 2022, *Kelly v. Hickman*, 21-cv-1226-BEN-MMP, ECF No. 23], within **forty-five (45) days of this Order.**

2. The Court **SETS** an in-person Status Conference with the Parties **June 18, 2024 at 10:00 a.m.** in Courtroom 2D. The Parties should be prepared to discuss the progress of the post-judgment discovery.

**IT IS SO ORDERED**.

Dated:  June 7, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge